LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-9215 GAF (CWx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | Kandy Kiss of California Inc v. Tex-Ellent Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

### I. INTRODUCTION & BACKGROUND

On December 10, 2010, Plaintiff Kandy Kiss of California, Inc. ("Plaintiff") commenced this action against Defendant Tex-Ellent, Inc., d/b/a Paramount Textiles and Defendant Shahram Zachary (collectively, "Defendants"). (Docket No. 1, Compl.) According to the complaint, Defendants sold fabric to Plaintiff that bore a copyright-infringing design ("the Design"). (Docket No. 8, First Am. Compl. ("FAC") ¶¶ 11-12.) The complaint states that the United States District Court for the Central District of California held Plaintiff liable for copyright infringement as a result of Plaintiff's use of the Design. (Id. ¶¶ 20-21.) Plaintiff alleges breach of the implied warranty of title under California Commercial Code § 2312 and related claims for deceit and seeks damages resulting from its liability in the copyright infringement suit. (Id. ¶¶ 17, 22-23.)

According to the complaint, Plaintiff originally filed this suit in the Los Angeles County Superior Court. (Id. ¶ 2.) The Defendants, however, filed a Motion to Dismiss on the ground that the breach of warranty cause of action "had its origins in the Copyright Act," and thus that federal courts had exclusive jurisdiction over the suit. (Id.) On November 18, 2010, the superior court granted the Defendants' motion and dismissed the case for lack of subject matter jurisdiction. (Id.) Plaintiff then filed suit in this Court. (Id.)

Notwithstanding the state court's dismissal, this Court is not persuaded that the claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9215 GAF (CWx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | Kandy Kiss of California Inc v. Tex-Ellent Inc et al | | |

arises under federal law. Plaintiff and Defendants are therefore **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of jurisdiction. The Court's concerns are set forth more fully below.

## II. DISCUSSION

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments . . . .") (citing Mitchell v. Maurer, 293 U.S. 237, 244 (1934)); see also Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996) (holding that lack of subject matter jurisdiction can be raised at any time by either party or by the court sua sponte); see also Sarei v. Rio Tinto PLC, 221 F. Supp. 2d 1116, 1162 n.190 (C.D. Cal. 2002) ("Because subject matter jurisdiction is a threshold issue that must be examined sua sponte . . . the court considers whether it has jurisdiction to hear these claims." (internal citation omitted)).

Here, Plaintiff asserts a claim for breach of the implied warranty of title under California Commercial Code § 2312. (FAC ¶ 2.) Because title is allegedly defective because the fabric allegedly infringes on a copyrighted design, the Plaintiff asserts that this Court maintains exclusive jurisdiction over the matter pursuant to the Copyright Act and 28 U.S.C. § 1338(a), which gives federal district courts exclusive jurisdiction over civil actions "arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(a) In support, Plaintiff points to Defendants' argument in the state court proceedings that the cause of action has "its origin in the Copyright Act." (FAC ¶ 2.)

However, "[i]t is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003). Instead, under what is essentially a reiteration of the "well-pleaded complaint" rule, a federal court has jurisdiction where: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." Id. at 986.

None of Plaintiff's claims seek a remedy expressly granted by the Copyright Act. Thus, this Court has jurisdiction only if the complaint requires an interpretation of the Copyright Act or if federal principles otherwise should control the claims. No binding precedent establishes whether federal courts have jurisdiction over a breach of warranty of title claim alleging that a defendant sold a plaintiff a copyright-infringing product. The relevant authority is in conflict.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9215 GAF (CWx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | Kandy Kiss of California Inc v. Tex-Ellent Inc et al | | |

On the one hand, Nimmer on Copyright explains that federal court jurisdiction does not extend to a breach of warranty claim simply because the court may need to address copyright issues: "[t]he fact that questions of copyright law may also have to be determined in [a state] action does not oust state jurisdiction. An action for breach of warranty is properly brought in a state court, even though proof of such breach turns on whether the statutory copyright of a third party has been infringed."[1] Nimmer on Copyright § 12.01[A][2], 12-19. In support, Nimmer cites Stamps v. Mills Music, Inc., in which a New York trial court held that the state court had jurisdiction over a breach of warranty claim because it was "not interposed in vindication of any copyright," but rather seeks only to recover the claimant's "own exposure to liability . . . due to the . . . breach of warranty." Stamps v. Mills Music, Inc., 92 N.Y.S.2d 79, 82 (N.Y. Sup. Ct 1949).

On the other hand, the Fourth Circuit has held that federal courts had jurisdiction over a breach of warranty claim alleging sale of copyright-infringing goods. Christopher v. Cavallo, 662 F.2d 1082 (4th Cir. 1981). There, the court explained that an essential element of the breach of warranty cause of action was the fact of breach, i.e. infringement of a copyright. Id. at 1083. Thus, the court reasoned, "proof of [the] claim plainly required the construction of the copyright laws of the United States in order to establish the existence of the infringement, for the existence of the infringement was necessary to prove the breach of warranty." Id. Federal courts therefore had jurisdiction over the claim under 28 U.S.C. § 1338(a). Id. at 1083–84.

Upon initial consideration, this Court is more persuaded by the Fourth Circuit's reasoning. However, it is less clear whether the Court still has jurisdiction over such a breach of warranty claim when a federal court has already decided the question of infringement.[2] In such a situation, it is unclear whether the case still requires interpretation of the Copyright such that a federal court will have jurisdiction under the standard set forth in Scholastic Entertainment. If the Court is bound by the prior court's determination of infringement, this case would not require interpretation of the Copyright Act at all. If, however, the Court is not bound, the case will still require application of the Copyright Act to determine infringement.

In light of the lack of on-point controlling authority on the question of federal jurisdiction

---

[1] Because the Copyright Act gives federal courts exclusive jurisdiction over claims arising under the Copyright Act, a finding that a state court has jurisdiction over a claim involving a copyright necessarily implies that that claim does not arise under the Copyright Act, and that federal courts do not have jurisdiction.

[2] The Court notes that this situation was also presented in Christopher, and that there the Fourth Circuit concluded that the fact that the copyright infringement question had already been decided in an earlier case only supported the breach of warranty claim without divesting the federal court of jurisdiction over it. Id. at 1084 n.2.

**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9215 GAF (CWx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | Kandy Kiss of California Inc v. Tex-Ellent Inc et al | | |

over a breach of warranty of title claim, the Court hereby **ORDERS** the parties to submit briefing on whether the Court has subject matter jurisdiction over the breach of warranty claim in this case. The parties' briefing should focus on (1) whether this Court is bound by the earlier court's finding of infringement under principles of issue preclusion, and (2) whether a claim for breach of warranty requires interpretation of the Copyright Act when a federal court has already decided the question of infringement in an earlier case.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS THE PARTIES TO SHOW CAUSE** why the Court has subject matter jurisdiction over this case. Plaintiff and Defendants shall file simultaneous memoranda addressing this question **by no later than February 7, 2011**. The memoranda shall not exceed five (5) pages and shall address the issues identified above. **Plaintiff's failure to file a timely response to the Court's order shall be deemed consent to dismissal of the case.**

**IT IS SO ORDERED.**