**ROME & ASSOCIATES, A.P.C.**
Eugene Rome (SBN 232780)
erome@romeandassociates.com
2029 Century Park East, Suite 1040
Los Angeles, California 90067
Telephone: (310) 282-0690
Facsimile: (310) 282-0691

Attorneys for Defendants TEX-ELLENT, INC. and SHAHRAM ZACKARY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDY KISS OF CALIFORNIA, INC., a California corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>TEX-ELLENT, INC., d/b/a PARAMOUNT TEXTILES, a California Corporation, and SHAHRAM ZACKARY, an individual,<br><br>        Defendants. | CASE NO. CV10-9215 GAF (CWx)<br><br>Hon. Gary A. Feess<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT** |

**STIPULATION AND PROTECTIVE ORDER**

Pursuant to the Stipulation of the Parties and Good Cause appearing:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

1. This Protective Order ("Order") shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, or furnished informally by agreement between the parties, ~~as well as testimony adduced at trial~~ and other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action which that party or nonparty in good faith believes comprise or reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets as defined in California Civil Code Section 3426.1[1], financial data, contracts and agreements, employee information, current and future business plans, and marketing documents. The term "document" as used in this Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in any computer system or other electronic or optical data storage device.

2. Material or information designated as "Confidential" pursuant to this Order ("Confidential Material") shall be used by any recipients solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

such information shall not be disclosed to anyone except as provided herein. No expert or consultant shall review or gain access to Confidential Material unless he or she has executed the Notification of Protective Order and Undertaking (attached as Exhibit A).

### Confidential Designation of Material

3. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated "Confidential" by such party or nonparty pursuant to Paragraph 4 of this Order.

4. The designation of information or material as "Confidential" for purposes of this Order shall be made in the following manner by the party or nonparty seeking protection:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing a plainly visible confidentiality designation legend to (i) the cover page of such document, or on the outside of any media for storing electronic documents, stating either "Confidential" or "This Document Contains Material Designated as Confidential Pursuant to the Protective Order Entered in this Case", and (ii) each page containing any confidential information or material, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. Whoever seeks designation of a native-format computer file as Confidential Material shall, to avoid altering the original file, not affix a label to the electronic file itself, but shall inform the receiving party in writing of the designation.

(b) In the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated

1  hereunder; or (ii) by written notice of such designation sent by counsel to all parties
2  within ten (10) days after the delivery to counsel of the transcript of the deposition.
3  At or before a deposition, the deponent or his counsel, or any other counsel of
4  record, acting in good faith, may invoke the provisions of this Order in a timely
5  manner, giving adequate warning to counsel for the party or nonparty that testimony
6  about to be given is deemed protected under this Order. The parties may modify this
7  procedure for any particular deposition or proceeding through agreement on the
8  record at such deposition or proceeding or otherwise by written stipulation, without
9  approval of the Court. If any document or information designated under this Order is
10 used during the course of a deposition, that portion of the deposition record
11 reflecting such confidential information shall be sealed and stamped accordingly,
12 and access thereto shall be limited pursuant to the other terms of this Order.
13         (c)    A party or nonparty furnishing documents and things to another
14 party shall have the option to require that all or batches of documents and things be
15 treated as confidential during inspection and to make its designations of particular
16 documents and things at the time copies of documents and things are produced or
17 furnished.
18     5.    Confidential Material under this Order, or copies or extracts therefrom
19 and compilations thereof, may be disclosed, described, characterized, or otherwise
20 communicated or made available in whole or in part only to the following persons:
21         (a)    Outside counsel of record in this litigation and staff and
22 supporting personnel of such attorneys, such as contract attorneys, paralegals,
23 secretaries, stenographic and clerical employees and contractors, and outside
24 copying, imaging and presentation services (if used), who are working on this
25 litigation under the direction of such attorneys and to whom it is necessary that the
26 materials be disclosed for purposes of this litigation;
27         (b)    In-house counsel for the parties herein who are necessary for the
28 furtherance of this litigation and in-house paralegal;

   (c) Officer(s) of each of the parties who have signed Exhibit A;

   (d) Subject to Paragraphs 6 and 8 herein, persons who are expressly retained or sought to be retained by a party as consultants or testifying experts and who have signed Exhibit A, such as accountants, statisticians, economists, industry or technical experts; provided that the disclosure of Confidential Material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

   (e) Subject to Paragraph 8 herein, any other persons who are designated to receive Confidential Material by order of this Court after notice to the parties, or by written stipulation of the parties.

   (f) Subject to Paragraph 7 and Paragraph 8 herein, any person who gives testimony in deposition or trial in this action, though they may only review Confidential Materials presented to them in said deposition or trial.

   (g) The Court and Court personnel.

   (h) Subject to Paragraph 8, court reporters, interpreters and videographers employed in connection with this action.

   (i) The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information. To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (i.e. document) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court. The moving party shall, thereafter, within (7) seven days, file the information under seal with the Magistrate Judge and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s). If the Court is inclined to grant the order, it will notify the aggrieved party and invite briefing before issuing an order.

6. Each person set forth in Paragraph 5 to be examined as a witness, may be so examined at trial or during a deposition concerning any information or material designated under this Order, which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated under this Order by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the compliance of the witness with Paragraph 7.

7. Each person set forth in Paragraph 5 who is not (i) outside counsel to a party to this litigation, or staff directly employed by such outside counsel; or (ii) the Court or Court personnel to whom Confidential Material is to be disclosed, shall, prior to receiving such material, be furnished with a copy of this Order, a copy of the Court's Notification of Protective Order and Undertaking, which the person shall read and sign (Attached as Exhibit A). Counsel for the party seeking to disclose Confidential Material to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Notifications.

8. All Confidential Material shall be securely maintained in a manner intended to preserve confidentiality. Access to such material shall be permitted only to those designated persons set forth in Paragraph 5 above as persons properly having access thereto. The recipient of any Confidential Material shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information.

9. Nothing contained in this Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as

permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

10. No provision of this Order shall be deemed to create a waiver as to inadvertently-produced discovery materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure. The inadvertent production of such documents does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as a request for the return of such documents or information is made within ten (10) Court days after the producing party learns of the inadvertent production. Within five (5) Court days of such request, the receiving party shall take reasonable efforts to return the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so. Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

11. In the event that counsel for any party determines to file or submit to this Court any Confidential Material or any papers containing, quoting, or describing such information, those materials shall be filed pursuant to an application to file those documents under seal, incompliance with the Federal *Rules of Civil Procedure*, the Local Rules for the United States District Court for the Central District of California and any orders of the judge(s) presiding over this case in effect at that time.

12. Any documents and information produced by nonparties, pursuant to subpoena or otherwise may be designated pursuant to the terms of this Order by any party or nonparty.

13. A party shall not be obligated to challenge the propriety of material designated under this Order at the time the designation is made and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this

litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the designating person or entity a letter detailing its objection to the designation. The designating person or entity shall respond by letter within three (3) court days to such letter. If not resolved, the objecting party may file a motion objecting to the designation. In any such motion, the burden of proving that information has been properly designated under this Order is on the person or entity making such designation.

## Other Provisions

14. Nothing in this Order shall preclude any party to the lawsuit or its counsel: (a) from showing Confidential Material to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any Confidential Material from the party's own files which the party itself has designated under this Order.

15. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. Any party requested to disclose Confidential Material of any other party to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal *Rules of Civil Procedure* or other formal discovery request shall object to the production of said Confidential Materials to the extent permitted by applicable law and notify the requesting nonparty of the existence and content of this Order and that the material requested by the nonparty has been designated under this Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances sufficiently prior to the date on which such confidential material is to be produced to the nonparty. Once such notice is given, the designating party may take all steps it believes are necessary to protect the Confidential Material and the nondesignating party is not required to take any further action.

**STIPULATION AND PROTECTIVE ORDER**

16. If a party inadvertently fails to designate material and/or information, when producing or otherwise disclosing such material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party has knowledge of the inadvertent production, the information must be treated as if it had been designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 14 above, as well as any copies made by such persons. The costs of doing so shall be paid by the designating party.

17. All counsel for the parties who have access to Confidential Material acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

18. Entering into, agreeing to, and/or producing or receiving information or material designated under this Order, or otherwise complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular information or material designated under this Order contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Order;

(c) prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

  (d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

  (e) prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

  (f) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

  (g) prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

 19. This Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

 20. In the event that information in the possession or control of a person or entity involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery by the written response due date for such discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information and; (b) the identity of the nonparty (provided,

9
**STIPULATION AND PROTECTIVE ORDER**

1 however, that such disclosure of the identity of the non-party does not violate any
2 confidentiality obligations). The party seeking discovery may then make further
3 application to the non-party or seek an order to compel discovery.

4     21. Within sixty (60) days after the final termination of litigation between
5 the parties (including appeals), all Confidential Material and all copies thereof
6 (including summaries and excerpts) shall be either returned to the party that
7 produced it or destroyed and a certification of destruction supplied to the producing
8 party; provided, however, that for each party, counsel who is entitled access to such
9 designated material pursuant to this Order may retain one complete and unredacted
10 set of its work product that contains designated material as well as pleadings and
11 papers filed with the Court or served on the other party solely for reference in the
12 event of, and only in the event of, further proceedings or litigation between the
13 parties, a dispute over such counsel's performance, or a dispute over the use or
14 dissemination of Confidential Material. Such retained copy of pleadings and papers
15 shall be maintained in a file accessible only by properly authorized counsel under
16 the provisions of, and bound by, this Order. This Order shall survive the final
17 termination of this litigation with respect to any such retained Confidential Material
18 and the Court shall retain jurisdiction to resolve any dispute concerning the use
19 thereof.

**SO STIPULATED:**

Dated:  August 3, 2011       **ROME & ASSOCIATES, A.P.C.**
                             Eugene Rome

                             By: /s/ Eugene Rome
                                  EUGENE ROME
                             Attorneys for Defendants TEX-ELLENT, INC. and SHAHRAM ZACKARY

| | | |
|---|---|---|
| 1 | Dated: August 3, 2011 | **Ezra | Brutzkus | Gubner LLP**<br>David Tashroudian |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ David Tashroudian<br>　　　DAVID TASHROUDIAN<br>Attorneys for Plaintiff KANDY KISS |
| 5 | | OF CALIFORNIA, INC. |

**ORDER**

IT IS SO ORDERED, this 3rd day of August, 2011.

　　　　　　　　/s/_____
　　　　　HONORABLE CARLA WOEHRLE
　　　　　UNITED STATES MAGISTRATE JUDGE

---
11
**STIPULATION AND PROTECTIVE ORDER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDY KISS OF CALIFORNIA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TEX-ELLENT, INC., d/b/a PARAMOUNT TEXTILES, a California Corporation, and SHAHRAM ZACKARY, an individual,<br><br>Defendants. | CASE NO. CV10-9215 GAF (CWx)<br><br>Hon. Gary A. Feess<br><br>**NOTICE OF PROTECTIVE ORDER GOVERNING INFORMATION IN THIS CASE AND UNDERTAKING** |

The United States District Court in Los Angeles has issued a protective order in this case, which limits the dissemination of Confidential Material produced in Discovery. You are now subject to this order and are prohibited by court order from communicating any Confidential Material you obtained through discovery in this case to any persons other than those specified in the protective order. If you intentionally disseminate this information in violation of this Court's order, you could be subject to sanctions, which could include fines and, in an extreme case, incarceration for contempt of court.

If for any reason you believe you should not be subject to this order or would like to request an order from the Court exempting you from this order, you should request a hearing before this Court and obtain a ruling before you disseminate any of the information. You can request a hearing by telling any of the attorneys in this case that you want to be heard. The attorney will then arrange for the Court to hold a

hearing. If you prefer, you can instead call the Court's clerk and request a hearing date.

BY ORDER OF THE COURT.

_____
HONORABLE CARLA WOEHRLE
UNITED STATES MAGISTRATE JUDGE

I declare under penalty of perjury that I have read the Protective Order issued in this case and that I agree to abide by and be bound by its terms.

Executed this _____ day of _____, 201\_\_ in _____.

_____       _____
Print Name                                                        Signature