MARK D. BRUTZKUS - Bar No. 128102
TODD M. LANDER - Bar No. 173031
DAVID A. TASHROUDIAN - Bar No. 266718
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:  (818) 827-9099
Email:      mbrutzkus@ebg-law.com
            tlander@ebg-law.com
            dtashroudian@ebg-law.com

Attorneys for Plaintiff Kandy Kiss of California, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDY KISS OF CALIFORNIA, INC., a California Corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>TEX-ELLENT, INC. d/b/a PARAMOUNT TEXTILES, a California corporation, and SHAHRAM ZACKARY, an individual,<br><br>          Defendants. | Case No. CV10-9215 GAF (CWx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO PRECLUDE INTRODUCTION BY DEFENDANTS OF EVIDENCE REGARDING THE PAYMENT OF THE JUDGMENT IN THE COPYRIGHT CASE BY A COLLATERAL SOURCE**<br><br>[*[PROPOSED] Order filed concurrently herewith*]<br><br>Judge:   Hon. Gary A. Feess, Ctrm. 740<br><br>Hearing Date:   January 9, 2012<br>Time:   9:30 a.m.<br>Place:   Ctrm. 740<br><br>Discovery Cutoff:   October 14, 2011<br>Motion Cutoff:   November 14, 2011<br>Trial Date:   February 14, 2012 |

///

///

///

///

///

///

1

522996/0568.019.02

**TO ALL PARTIES IN THE ABOVE-ENTITLED ACTION AND TO ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2012, at 9:30 a.m., or as soon thereafter as counsel may be heard in the Courtroom of the Honorable Gary A. Fees, located at 255 East Temple Street, Los Angeles, California 90012, Courtroom 740, plaintiff Kandy Kiss of California, Inc. ("Kandy Kiss") will move this Court *in limine* for an order precluding defendants Tex-Ellent, Inc. d/b/a Paramount Textiles ("Paramount") and Shahram Zackary ("Zackary," and with Paramount, the "Defendants") from introducing evidence of any kind concerning the payment of the judgment in the underlying copyright infringement case by a collateral source (the "Motion").

This Motion will be based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, any further memoranda that may be submitted prior to the hearing, and all the pleadings and files in this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 of this Court, which took place on September 9, 2011.

Respectfully submitted,

Dated:  December 19, 2011                EZRA BRUTZKUS GUBNER LLP


By: /s/ Todd M. Lander
     MARK D. BRUTZKUS
     TODD M. LANDER
     DAVID A. TASHROUDIAN
Attorneys for Plaintiff, Kandy Kiss of California, Inc.

522996/0568.019.02

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Kandy Kiss of California, Inc. ("Kandy Kiss") seeks an order from this Court precluding defendants Tex-Ellent, Inc. d/b/a Paramount Textiles ("Paramount") and Shahram Zackary ("Zackary," and with Paramount, the "Defendants") from introducing evidence of any kind concerning the payment of the judgment in the underlying copyright infringement case by a collateral source.  In particular, Kandy Kiss seeks to preclude Defendants from introducing evidence of any kind concerning the payment of the judgment obtained by L.A. Printex Industries, Inc. ("LA Printex") against Kandy Kiss and Defendants in the underlying copyright infringement case by The Hartford.

On January 7, 2008, LA Printex filed a copyright infringement lawsuit against Kandy Kiss in the United States District Court.  It amended the complaint on August 22, 2008, to name, among others, Paramount and Zackary as additional defendants. That led to a four-day jury trial in August 2009, culminating in a judgment after verdict for LA Printex being entered on September 9, 2009.  Kandy Kiss, Paramount and Zackary were all found liable for copyright infringement.

Prior to judgment being entered against Kandy Kiss in the underlying infringement case, the company informally engaged its insurance carrier The Hartford for coverage of LA Printex's claim.  The Hartford denied coverage, and Kandy Kiss fought it on this point.  The Hartford ultimately capitulated and in May 2009 agreed to pay Kandy Kiss $175,000 in full and final satisfaction of any claim that Kandy Kiss may have against it in connection with the underlying infringement case.  The $175,000 was paid in the form of two equal checks issued by The Hartford on May 19, 2009.

Kandy Kiss anticipates that Paramount will attempt to introduce evidence of the $175,000 payment by The Hartford to Kandy Kiss as an offset to the amount that Paramount must pay to Kandy Kiss in satisfaction of Paramount's indemnity obligation.  But the payment of the judgment by a collateral source is inadmissible for

1    any reason, and thus all evidence concerning payment by The Hartford should be

2    excluded.

3    ## II.   <u>LEGAL ARGUMENT</u>

4              Any amounts The Hartford paid are irrelevant and inadmissible for any purpose

5    in this case under the collateral source rule, and the fact of those payments does not

6    and cannot reduce the amount of Paramount's indemnity obligation to Kandy Kiss.

7    *See e.g., Helfend v. Southern California Rapid Transit Dist.,* 2 Cal.3d 1, 13 (1970)

8    (evidence of insurance payments to plaintiff injured in a car accident properly

9    excluded under the rule); *see also Lund v. San Joaquin Valley R.,* 31 Cal.4[th] 1, 8

10   (2003) (in case involving injured railroad worker, California Supreme Court held that

11   jury should not be told of plaintiff's eligibility for recovery under workers

12   compensation regime, or of any other collateral source).  In fact, and in fidelity with

13   the collateral source rule, the receipt of insurance money may not be used even to

14   effect an offset against recoverable damages.  *Id.*

15             The California Supreme Court explained the policy reasoning behind this

16   exclusionary rule in *Helfend, supra,* and why its application to insurance payments –

17   such as those that form the core of Paramount's Motion – is particularly appropriate*:*

18             "The collateral source rule expresses a policy judgment in favor of encouraging
             citizens to purchase and maintain insurance for personal injuries and for other
19           eventualities.  Courts consider insurance a form of investment, the benefits of
             which become payable without respect to any other possible source of funds.  If
20           we were to permit a tortfeasor to mitigate damages with payments from
             plaintiff's insurance, plaintiff would be in a position inferior to that of having
21           bought no insurance, because his payment premiums would have earned no
             benefit.  Defendant should not be able to avoid payment of full compensation
22           because the victim has had the foresight to provide himself with insurance."

23   *Helfend,* 2 Cal.3d at 11.

24             The rule, though frequently invoked in personal injury matters, extends beyond

25   that reach and has been applied in breach of warranty cases such as ours.  In *Shaffer v.*

26   *Debbas,* 17 Cal.App.4[th] 33 (1993), for example, the plaintiffs contracted with the

27   defendant to build a custom home for them that was warranted to be free of defects in

28   materials and workmanship for a year.  But upon taking possession, the plaintiffs

     began experiencing problems resulting from drainage defects and the improper

4

installation of the heating and air conditioning system.  The plaintiffs sued the contractor for breach of the warranty and negligence, and several months later initiated litigation against their homeowners insurer for recovery of the same property losses suffered as a consequence of the contractor's warranty breaches.  The homeowners case went to trial first, and the jury awarded the plaintiffs $753,000 – an amount the plaintiffs later agreed to discount by $250,000 in settlement with the carrier.  The contractor, having become aware of that fact, sought to introduce evidence of the insurance settlement as an offset against the plaintiffs' recoverable damages.  The Trial Court refused to allow the introduction of that evidence on collateral source grounds, and the Fourth District Court of Appeal affirmed.  In doing so, the Court not only reiterated the principles articulated in *Helfend,* but also made clear that the rule is not limited to personal injury disputes:

> "The collateral source rule provides that where 'an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor.'  [Citations.]  The rule has been repeatedly reaffirmed by the California Supreme Court as 'a policy judgment in favor of encouraging citizens to purchase and maintain insurance for personal injuries and other eventualities.'  [Citations.]  We are, of course, bound by the Supreme Court's pronouncements.  [Citations.]  As to defendants' suggestion that the rule can somehow be limited to cases of personal injury involving medical insurance payments, the Supreme Court's statement of the rule suggests no such limitation and its reference to 'other eventualities' (quoted above) is inconsistent with the proffered interpretation.  Indeed, the Supreme Court has expressly stated the rule so as to include property damage.  *(Anheuser-Busch, Inc. v. Starley* (1946) 28 Cal.2d 347, 349, 170 P.2d 448).  As the court summarized in *Philip Chang & Sons Associates v. La Casa Novoto* (1986), 177 Cal.App.3d 159, 166, 22 Cal.Rptr. 800, 'The rule has been oft repeated to provide that where a person suffers property damage, the amount of damages shall not be reduced by the receipt by him of payment for his loss from a source wholly independent of the person who causes the injury.'  The contrary rule suggested by defendants would result in a substantial windfall to those parties principally responsible for a plaintiff's property damage."

*Shaffer,* 17 Cal.App.4th at 40.[1]

---

[1]      The *Shaffer* Court specifically applied the collateral source rule to insurance payments made in the wake of "property damage," and lest there be any doubt, the law has long considered money to be property.  *See e.g., Halliburton v. Commissioner of Internal Revenue,* 78 F.2d 265, 268 (9th Cir. 1935) (though money can be distinguished from other taxable property by statute, "money is property" under the definition of the term); *see also Federal Home Loan Bank of San Francisco v. Long Beach Federal Savings and Loan Association,* 122 F.Supp. 960, 979 (S.D. Cal. 1954) (money deposited in court registry as collateral for payment of notes and deeds of trusts sufficient for the Court to retain jurisdiction over a foreclosure action by holders of the notes and deeds of trust, because "money is property" as defined by California law.)

522036/0568.019.02

1   The same analysis prevails here and, indeed, this case presents the classic

2   collateral source situation.  Kandy Kiss suffered damage as a result of Paramount's

3   breach of its warranty of title and against infringement – both the statutory warranty

4   under *California Commercial Code* § 2312 and the express warranty made under §

5   2313 of the same Code – and, notwithstanding the receipt of amounts from its

6   insurance company, it is entitled to recover the full amount of that damage in this

7   action.  To allow the payment of insurance money to preclude or limit the quantum of

8   that recovery would, in the words of the *Shaffer* Court, result "in a substantial windfall

9   to" the party responsible for Kandy Kiss' damage.  *See Shaffer, supra,* 17 Cal.4[th] at

10  40.  And that, in turn, would lay waste to the California Supreme Court's articulated

11  reasoning for the collateral source rule, namely to prohibit defendants from sheltering

12  themselves from paying "full compensation because the victim has had the foresight

13  to provide himself with insurance."  *Helfend, supra,* 2 Cal.3d at 11.

14  In short, The Hartford's 2009 payment to Kandy Kiss is not admissible as a

15  means of offsetting the amount of available recovery, and thus an order precluding the

16  introduction of evidence concerning the payment is proper.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

III.    **CONCLUSION**

For the foregoing reasons, Kandy Kiss respectfully requests that this Court grant this motion and issue an order precluding Defendants from introducing evidence of any kind concerning the payment of the judgment in the underlying copyright infringement case by a collateral source.

Respectfully submitted,

Dated:  December 19, 2011                EZRA BRUTZKUS GUBNER LLP


By: /s/ Todd M. Lander
MARK D. BRUTZKUS
TODD M. LANDER
DAVID A. TASHROUDIAN
Attorneys for Plaintiff, Kandy Kiss of California, Inc.

522996/0568.019.02